UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0304(2) (PJS/AJB) |
| Plaintiff, | |
| v. | ORDER |
| MARTIN BASURTO, JR., | |
| Defendant. | |

Deborah K. Ellis, ELLIS LAW OFFICE, for petitioner Yesenia Basurto.

James S. Alexander, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

On November 17, 2010, defendant Martin Basurto, Jr. was indicted for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. In Basurto's indictment, the Government sought forfeiture of "the real property and premises known as 3531 White Bear Avenue, White Bear Lake, Minnesota" ("the Premises"). ECF No. 53 at 7. Martin pleaded guilty to the conspiracy charge on March 21, 2011, and he was later sentenced to 120 months' imprisonment. On January 17, 2012, the Court entered a preliminary order of forfeiture as to the Premises. ECF No. 216.

On May 31, 2012, Yesenia Basurto petitioned the Court pursuant to 21 U.S.C. § 853(n) for an adjudication of her rights to the Premises. ECF No. 246. Yesenia alleges in her petition that she purchased the Premises in July 2010 (that is, prior to both the indictment and the preliminary order of forfeiture) and that she was not involved in the criminal activity which led to Martin's conviction. The Government now moves pursuant to Fed. R. Crim. P. 32.2(c)(1)(A) to dismiss Yesenia's petition, arguing that Yesenia lacks standing to contest the forfeiture of the

Premises. ECF No. 249. The Court agrees that Yesenia does not have standing and accordingly dismisses her petition.

"Standing in forfeiture cases has both constitutional and statutory aspects." *United States v. Timley*, 507 F.3d 1125, 1129 (8th Cir. 2007) (internal quotations omitted). The requirement of constitutional standing is derived from Article III of the United States Constitution, which limits the authority of the federal courts to "Cases" and "Controversies." The requirement of statutory standing is derived from § 853(n)'s requirement that the petitioner assert a "legal interest" in the disputed property and from Rule 32.2(c)'s requirement that the petitioner assert an "interest" in the property. "Thus, under both § 853 and Rule 32.2, a party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate a legal interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture." *Timley*, 507 F.3d at 1129 (internal quotations omitted).

To determine whether a petitioner has a legal interest in the contested property, "'a court must first look to the law of the jurisdiction that created the property right to determine whether the claimant has a valid interest.'" *United States v. White*, 675 F.3d 1073, 1078 (8th Cir. 2012) (quoting *Timley*, 507 F.3d at 1129-30). In this case, the Court must look to Minnesota law to determine whether Yesenia has a legal interest in the Premises. "If the claimant has no interest under state law, the inquiry ends, and the claim fails for lack of standing." *Timley*, 507 F.3d at 1130.

The Premises is registered as Torrens property.[1] "Unlike the abstract system, where *evidences of title* are recorded, under the Torrens system there is a judicial proceeding whereby *title itself* is registered." *Hersh Properties, LLC v. McDonald's Corp.*, 588 N.W.2d 728, 734 (Minn. 1999). "The purpose of the Torrens system was to create a title registration procedure intended to simplify conveyancing by eliminating the need to examine extensive abstracts of title by issuance of a single certificate of title . . . ." *Id.* at 733. With limited exceptions, only the registered owner of Torrens property has a legal interest in that property under Minnesota law. *See* Minn. Stat. § 508.25 (listing seven exceptions to the general rule). Indeed, "[t]he necessity of registration to create an interest in the land is what distinguishes registered, or Torrens, property from abstract property." *Fingerhut Corp. v. Suburban Nat. Bank*, 460 N.W.2d 63, 65 (Minn. Ct. App. 1990) (emphasis omitted).

Yesenia is not the registered owner of the Premises. Rather, the registered owner of the Premises is Maria Ayala Hernandez (Martin's and Yesenia's mother). *See* ECF Nos. 250-3, 250-4. Yesenia concedes that she has never been the registered owner of the Premises, and that Hernandez has been the registered owner at all times relevant to this order. *See* ECF No. 251 at 1. Moreover, Yesenia does not argue that any of the exceptions found in § 508.25 — or any other exceptions that might be found in Minnesota law giving a non-registered person legal interest in Torrens property — apply in this case.

Yesenia nevertheless argues that Hernandez is only a nominal title holder to the Premises — and because Hernandez is only a nominal title holder, Yesenia must be the "owner" for

---

[1] For a description of the Torrens system, *see Hersh Properties, LLC v. McDonald's Corp.*, 588 N.W.2d 728, 733-34 (Minn. 1999).

purposes of federal forfeiture law. Under federal law, only "owners" may assert an innocent-owner defense at forfeiture proceedings, and nominal title holders are not "owners" for purposes of the defense. *See* 18 U.S.C. § 983(d)(6)(B) (excluding "a nominee who exercises no dominion or control over the property" from the definition of "owner" of property). Yesenia contends that because nominal title holders are not "owners" as defined in § 983(d), someone else must be the "owner" when there is a nominal title holder. In this case, Yesenia argues, she must be the "owner," because she exercised dominion and control over the Premises. And because she is the "owner," Yesenia reasons, she has a legal interest in the Premises, and therefore standing to bring her petition.

The flaw in Yesenia's argument is that, even if Hernandez is only the nominal title holder to the Premises, it does not follow that Yesenia has standing to contest forfeiture under § 853(n). To have standing, Yesenia must show that, under Minnesota law, she has a "legal interest" in the Premises. *See Timley*, 507 F.3d at 1129. At best, Yesenia's claim that Hernandez is a nominee to the Premises casts doubt on the ability of *Hernandez* to assert an innocent-owner defense under federal law (although Hernandez has not petitioned for an adjudication of her rights to the Premises, and the deadline for bringing such a petition has passed). But *Hernandez's* putative inability to assert an innocent-owner defense under federal law does not somehow give *Yesenia* a legal interest in the Premises under Minnesota law.

If what Yesenia says is true (and the Court has its doubts), Yesenia might have an *equitable*, rather than a *legal*, interest in the Premises. *See In re Collier*, 726 N.W.2d 799, 808 (Minn. 2007) ("We also note that we have applied principles of equity when a result under the Torrens Act violates notions of justice and good faith."). But such an equitable interest would

not be sufficient to confer standing under § 853. The term "legal interest" in § 853 "encompasses only legally protected rights, not equitable rights." *Timley*, 507 F.3d at 1129. And, as discussed above, Minnesota law is clear that only registered owners of Torrens property have a legal interest in that property (again, with exceptions not asserted or applicable here).

Because she is not the registered owner of the Premises, Yesenia lacks a legal interest in the Premises — and because she lacks a legal interest in the premises, Yesenia lacks standing to petition for an adjudication of her rights to the Premises under § 853(n). Accordingly, the Government's motion to dismiss Yesenia's petition is granted.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Government's motion to dismiss the third-party petition of Petitioner Yesenia Basurto [ECF No. 249] is GRANTED.

2. Petitioner Yesenia Basurto's third-party petition for adjudication of interest pursuant to 21 U.S.C. § 853 [ECF No. 246] is DISMISSED.

Dated: March 29, 2013        s/Patrick J. Schiltz
                             Patrick J. Schiltz
                             United States District Judge